IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEAN FAIRWEATHER,<br>　　　　Plaintiff | No. 3:24cv54 |
| | (Judge Munley) |
| v. | |
| THOMAS MCDONALD,<br>　　　　Defendant | |

## ORDER

Before the court for disposition is the report and recommendation of United States Chief Magistrate Judge Karoline Mehalchick (Doc. 7) in this action filed *pro se* by Plaintiff Sean Fairweather, an individual incarcerated at SCI-Dallas. On January 12, 2024, plaintiff filed the instant action under 42 U.S.C. § 1983 alleging that defendant arrested him on May 12, 2017 under false pretenses. (Doc. 1). Because more than six years have passed since the incident, Magistrate Judge Mehalchick recommends that the court dismiss plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as time-barred.

No objections to the report and recommendation were filed and the time for such filing has passed. On January 5, 2024, the deadline for objections, the Clerk of Court received from plaintiff the following: 1) a civil complaint form used by *pro se* prisoners; 2) an application to proceed *in forma pauperis* (IFP); 3) a letter from plaintiff regarding previous his previous IFP submissions; and 4) forms

related to notice of the lawsuit and a request for waiver of service of a summons, which that office docketed as an "amended complaint." (Docs. 9, 9-1, 9-2). Plaintiff's subsequent submission alleges substantially the same operative facts as the complaint and cannot be construed as either an objection or as including superseding allegations. (Compare Doc. 1 and Doc. 9). Rather, since most of the complaint was originally handwritten on loose-leaf paper, it appears that plaintiff simply restated his original allegations on a form provided to prisoners with slightly different wording. (Id.) Critically, the date of the defendant's alleged wrongdoing, May 12, 2017, is the same in both filings. (Id.). Magistrate Judge Mehalchick's recommendations thus apply to both iterations of plaintiff's complaint.

In deciding whether to adopt the report and recommendation when no timely objection is filed, we must determine if a review of the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b), 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

After a careful review, the court finds neither a clear error on the face of the record nor a manifest injustice. Therefore, the court shall accept the report and recommendation and adopt it in its entirety. It is hereby **ORDERED** as follows:

1) The report and recommendation (Doc. 7) is **ADOPTED**.

2) Plaintiff's complaint (Doc. 1) is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as barred by the statute of limitations applicable to Section 1983 claims.

3) To the extent that documents filed on February 5, 2024 were docketed as an "amended complaint," (Doc. 9), the claims raised in those documents are also be time-barred. This filing is likewise **DISMISSED**.

4) The Clerk of Court is directed to **CLOSE** this case.

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court

2/6/24