IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SEAN FAIRWEATHER,** | : | No. 3:24cv54 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **THOMAS MCDONALD,** | : | |
| **Defendant** | : | |

............................................................................................................

## ORDER

The court dismissed this matter in February 2024, ruling that Plaintiff Sean Fairweather's various pleadings failed to state a claim pursuant to 42 U.S.C. § 1983 ("Section 1983") and state law as these claims were time barred. (Docs. 10, 12). On October 31, 2025, the Clerk of Court docketed a filing from Plaintiff Sean Fairweather entitled "motion for reconsideration." (Doc. 16). The motion relies upon Federal Rule of Civil Procedure 59(e). Id. at 1.

By way of brief background, Fairweather initiated this *pro se* action on January 12, 2024. (Doc. 1). He is presently incarcerated at State Correctional Institution, Dallas ("SCI-Dallas"). This matter was premised on an incident that occurred on May 12, 2017, where the defendant, a former member of the Scranton Police Department, allegedly arrested Fairweather under false pretenses. (Id. at 1, 4). According to Fairweather, no crime had been committed and he possessed no drugs at the time of the arrest. (Id. at 4). For that incident,

Fairweather appears to have been charged, convicted, and sentenced to time served, then resentenced to a Pennsylvania Department of Corrections bootcamp program. (Id. at 4–5). Meanwhile, per Fairweather, Defendant McDonald was himself "under investigation," and "was found guilty, fined, and sentence[d] in July 2021." (Id. at 5). Per his complaint, Fairweather asserted legal claims for false imprisonment, defamation of character, and slander. (Id. at 6).

The Clerk of Court assigned this matter to then-Chief Magistrate Judge Karoline Mehalchick. Judge Mehalchick screened Fairweather's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (Doc. 7). Because more than six years passed since the incident described in the complaint, Judge Mehalchick recommended that the court dismiss plaintiff's complaint as time barred without leave to amend. (Id. at 4-6).

On February 5, 2024, the deadline for objections to the report and recommendation ("R&R"), the Clerk of Court received from plaintiff the following: 1) a civil complaint form used by *pro se* prisoners; 2) an application to proceed *in forma pauperis* (IFP); 3) a letter from plaintiff regarding his previous IFP submissions; and 4) forms related to notice of the lawsuit and a request for waiver of service of a summons, which that office docketed as an "amended

complaint." (Docs. 9, 9-1, 9-2). These filings also reference the same operative date of the alleged incident, May 12, 2017.

On February 6, 2024, noting no objection, the court adopted Judge Mehalchick's R&R and dismissed plaintiff's complaint and "amended complaint" as time barred. (Doc. 10). On February 7, 2024, plaintiff filed a handwritten second amended complaint again citing May 12, 2017, as the operative date of the incident. (Doc. 11). Because claims brought pursuant to Section 1983 are subject to the state statute of limitations for personal injury actions, Wilson v. Garcia, 471 U.S. 261, 266-67 (1985), and, in Pennsylvania, the statute of limitations for a personal injury action is two years, 42 PA. CONS. STAT. § 5524, the court again dismissed the second amended complaint as time-barred pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and advised Fairweather that any amendment of his Section 1983 complaint against this defendant would be futile. (Doc. 12).

On July 2, 2025, Fairweather filed a document entitled "tolling statute of limitations equitable tolling/statutory tolling." (Doc. 13). The court liberally construed that filing as a motion advanced pursuant to Federal Rules of Civil Procedure 60(b)(1) and 60(b)(6) for relief from the court's earlier orders dismissing this case. After review, the court denied the motion under Rule 60(b)(1) and 60(b)(6), per order dated July 7, 2025. (Doc. 14).

However, Fairweather did not receive a copy of the court's prior order. Rather, the envelope containing the order was returned from SCI-Dallas with a notation indicating that the plaintiff had been paroled. (Doc. 15). Fairweather also did not update his address with the court upon being paroled.

Based on his most recent filing, it appears that Fairweather has been reincarcerated at SCI-Dallas. With the instant motion, Fairweather again asserts that equitable tolling should be applied to his case based on proceedings he initiated in state court pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"). (Doc. 16 at 2-5).[1]

These grounds are the same as those previously rejected by the court under Rule 60. As indicated above, Fairweather filed the more-recent motion for reconsideration under Rule 59(e). By rule, a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e). Fairweather's motion here is untimely. The court dismissed plaintiff's action approximately 21 months ago. Accordingly, the motion for reconsideration, (Doc. 16), is **DENIED**.

---

[1] The court notes once again that the instant action against Defendant McDonald was filed pursuant to Section 1983 and state law and is not a petition for habeas corpus relief filed by a state prisoner pursuant to 28 U.S.C. § 2254.

4

Date: 11/5/25

BY THE COURT:

*[signature]*

JUDGE JULIA K. MUNLEY
United States District Court